**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Vladik Uchikura, et al., | No. CV-23-01399-PHX-DJH |
| Plaintiffs, | **ORDER** |
| v. | |
| Clark County Properties LP, et al., | |
| Defendants. | |

In its October 23, 2023, Order (Doc. 12), the Court granted *pro se* Plaintiffs Vladik Uchikura and Cindy Mateer's ("Plaintiffs") requests to proceed *in forma pauperis* and screened their original Complaint (Doc. 1) under 28 U.S.C. § 1915. The Court allowed the following claims to proceed: (1) discrimination under the Americans with Disabilities Act, (2) interference, coercion, or intimidation under the Fair Housing Act; and (3) negligence. (Doc. 12 at 5, 8 and 11). The Court dismissed Plaintiffs' other claims. However, the Court permitted Plaintiffs leave to amend their dismissed claims. (*Id*. at 14). The Court also allowed Plaintiff Mateer to bring her own ADA claim under 42 U.S.C. § 12182 (b)(E) through associational standing. (*Id*. at 5).

Plaintiffs have since filed identical Motions for Leave to File a First Amended Complaint (Docs. 16; 17) with identical proposed First Amended Complaints attached (Docs. 16-1–16-4; 17-1–17-4).[1] Because Plaintiffs' amended pleadings are the same, the Court will treat the most recently filed First Amended Complaint (Doc. 17) as the operative

---
[1] Plaintiffs are notified that they do not each need to file their own motions. If they seek to assert the same position, they can jointly file one motion.

Complaint. (*Compare* Docs. 16; 17). Upon the Courts' review, Plaintiffs' First Amended Complaint contains the same allegations as set forth in the original Complaint, except that Plaintiffs have crossed out the claims that the Court dismissed in its October 23, 2023, Order. (Doc. 17-1 at 3, 5). Aside from this and changing the date, Plaintiffs did not amend their original Complaint. (*Compare* Doc. 12 *with* Doc. 17). So, it appears that Plaintiffs do not seek to amend the claims the Court dismissed in its prior order. (Doc. 16-1 at 3).

Thus, the Court will allow Plaintiffs' claims for (1) Discrimination under the ADA, (2) Interference, Coercion, or Intimidation under the FHA; and (3) Negligence to proceed as alleged in the First Amended Complaint. (Doc. 17-4 at 4, 10–12, 21–24; *see also* Doc. 12 at 5–10). Because the factual allegations supporting these claims are identical to the allegations in the original Complaint, the Court need not re-screen these claims under 28 U.S.C. § 1915 and will allow them to proceed for the same reasons set forth in the October 23, 2023, Order. Plaintiffs shall be responsible for service of the Summons, this Order, the Court's October 23, 2023, Order, and their First Amended Complaint (Doc. 17) upon all named Defendants.

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motions (Docs. 16; 17) are **GRANTED**. Plaintiffs must file proof of service with the Clerk of Court of: (1) the Summons and the First Amended Complaint (Doc. 17) or of waiver of service; (2) the Court's October 23, 2023, Order (Doc. 12); and (3) this Order no later than **September 7, 2024**. Unless the Court orders otherwise, on **September 8, 2024**, the Clerk of Court, without further notice, shall **terminate** any Defendant in this action that has not been served pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

Dated this 10th day of June, 2024.

Honorable Diane J. Humetewa
United States District Judge